**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PLANZ PINDER ENTERPRISES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RAMIRO MINERO, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 1:18-cv-00180 AWI JLT <br><br> ORDER TO THE PLAINTIFF AND IT COUNSEL TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR VIOLATION OF FED.R.CIV.P. 11 |

On February 4, 2018, the plaintiff was a tenant on real property and was evicted in an unlawful detainer action (Doc. 1 at 2-3), which was prosecuted by the defendants after the former owner lost the property in foreclosure.[1] The plaintiff claims it was never served with the unlawful detainer action and as a result of being unlawfully disposed of the land, it suffered damages. Id. at 4.

In filing its complaint, the plaintiff asserts the Court has federal question jurisdiction over this action. (Doc. 1 at 2) Plaintiff alleges, "Subject matter Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331**as the action arises under the laws of the United States**." Id., emphasis added. Under Article III, federal courts have federal question jurisdiction over civil actions "arising under the

---

[1] The complaint alleges the property is located at "North East Connor Highway 223 Bear Mountain Blvd. Wible Rd." (Doc. 1 at 3) This makes no sense. The Court takes judicial notice that: Highway 223 *is* Bear Mountain Blvd; Wible Road intersects with Bear Mountain Blvd; "Conner" is an unincorporated area near Millux Road in Kern County which is some distance from either Wible Road or Bear Mountain Blvd. The Court is unaware of any road or area called "Connor" in the Kern County, California area. Fed. R. Evid. 201(b).

1

Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. Nevertheless, the plaintiff seeks to impose damages on the defendants for violation of the Uniform Commercial Code. The Uniform Commercial Code, of course, is not law of *any* jurisdiction[2] let alone the federal courts. Rather, it is a mere model code. <u>Martin v. Culberson</u>, 2012 WL 4511270, at *2 (E.D. Mich. Oct. 1, 2012).

Though Plaintiff quotes 12 U.S. Code §3708, by its express terms it applies *only* to multi-family dwellings and *only* to foreclosure actions initiated by the Secretary of Housing and Urban Development. 12 U.S.C. §§ 3701, 3703[3]. Thus, Plaintiff's claim under the Uniform Commercial Code is not based upon federal law and its reference to the § 3701 et seq., do not implicate significant federal issues. Consequently, this action does not "arise under" the laws of the United States.

Plaintiff and its counsel clearly appreciated the lack of jurisdiction in this case. The complaint reads, "in the event that this Court finds that there is not sufficient Federal Question to sustain this complaint, Plaintiff respectfully requests that the court grant leave to amend this complaint to correct any deficiencies herein." (Doc. 1 at15) Moreover, the Court is aware[4] that this plaintiff has filed two lawsuits in Kern County Superior Court against these same defendants (*See* Case No. BCV-17-102856 and Case No. BCV-17-101284.). Counsel, likewise, is well-aware of this fact because he represents the plaintiff in those actions. Thus, it appears to the Court that this action was presented to harass the defendants and was filed despite the clear lack of federal court jurisdiction.

Federal Rules of Civil Procedure 11(b) provides,

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

---

[2] Most states, including California, have adopted a version of the model code.
[3] This section reads, "Multifamily mortgages held by the Secretary encumbering real estate located in any State **may be foreclosed by the Secretary in accordance with this chapter**, or pursuant to other foreclosure procedures available, at the option of the Secretary. If the Secretary forecloses on any such mortgage pursuant to such other foreclosure procedures available, the provisions of section 3706(b) of this title may be applied at the discretion of the Secretary." 12 U.S.C § 3703, emphasis added.
[4] The Court takes juridical notice of the docket of these actions. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned and the Court may take judicial notice of them. <u>Mullis v. United States Bank. Ct.</u>, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); <u>Valerio v. Boise Cascade Corp</u>., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); <u>see also Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989); <u>Rodic v. Thistledown Racing Club, Inc.</u>, 615 F.2d 736, 738 (6th. Cir. 1980).

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> [¶¶]

Rule 11 continues,

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Therefore, the Court **ORDERS**:

1. **No later than May 3, 2018**, the plaintiff and its counsel **SHALL** show cause in writing why sanctions up to and including dismissal of this action, should not be imposed for their failure to demonstrate federal court jurisdiction and for their violation of Fed.R.Civ.P. 11. Alternatively, the plaintiff may dismiss this action **by May 3, 2018**;

2. The scheduling conference set on May 4, 2018 is **VACATED**[5]**.**

IT IS SO ORDERED.

Dated:   **April 20, 2018**                    **/s/ Jennifer L. Thurston**
                                                                 UNITED STATES MAGISTRATE JUDGE

---

[5] As a result, the plaintiff's request to continue the scheduling conference (Doc. 4) is **DENIED** as **MOOT**.